**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | No. 12-cv-6604 |
| EMORY HICKS, | : | |
| | : | |
| Defendant. | : | CRIMINAL ACTION |
| | : | |
| | : | No. 06-cr-684-01 |
| | : | |

## MEMORANDUM AND ORDER

Joyner, J.                                               June   19, 2013

       This case is now before the Court on Defendant/Petitioner's
Habeas Corpus Motion Under 28 U.S.C. § 2255 (ECF No. 109).  For
the reasons set forth below, the Petitioner's Motion is DENIED.

## I.  BACKGROUND

       In November 2007, a jury returned a guilty verdict against
the Petitioner, Emory Hicks, of all both counts of an indictment
which charged him with possession of a firearm by a convicted
felon, in violation of 18 U.S.C. § 922(g) and 18 U.S.C. § 924(e),
and possession of body armor by a convicted felon, in violation
of 18 U.S.C. § 931 and 18 U.S.C. § 924(a)(7).  On February 12,
2008, this Court sentenced the Petitioner to 240 months
imprisonment, a $200 special assessment, a $2,000 fine, and 60
months of supervised release.

       The Petitioner noticed his appeal of his conviction and
sentence to the Third Circuit Court of Appeals on February 21,

2008.[1]  In his appeal, the Petitioner argued that this Court
improperly denied his motion to suppress physical evidence
because the search warrant executed by police officers which led
to his arrest lacked probable cause and because the officers did
not act in good faith based on the warrant.  The Third Circuit
rejected the Petitioner's arguments and affirmed his conviction
and sentence on January 17, 2012.  See generally United States v.
Hicks, 460 F. App'x 98 (3d Cir. 2012).

On November 27, 2012, the Petitioner filed this petition for
habeas corpus relief pursuant to 28 U.S.C. § 2255 with this
Court.  In the petition, he asserts a Sixth Amendment ineffective
assistance of counsel claim based on a number of purported
failings of his appellate counsel.[2]  Specifically, the Petitioner
asserts that his appellate counsel rendered ineffective
assistance when he failed to raise certain arguments on appeal,
namely: (1) the Court should have suppressed the physical
evidence against him because the search warrant named another
individual, not the Petitioner; (2) the dismissal of a prior

_____

[1] Following the filing of the notice of appeal, and notwithstanding the
status of the matter on appeal and his representation by counsel, the
Petitioner filed several motions in this Court pro se.  Given the pending
appeal, the Court dismissed the motions for lack of jurisdiction.  See United
States v. Hicks, No. 06-cr-684-1, ECF No. 98 (E.D. Pa. Oct. 23, 2009) (order
dismissing motions for lack of jurisdiction).

[2] The Petitioner's initial motion does not clearly delineate whether the
Petitioner seeks relief for the actions of his trial counsel or his appellate
counsel.  (See generally Pet'r Mot. at 4-8.)  In his reply to the Government's
response, the Petitioner clarifies that he seeks relief for ineffective
assistance of appellate counsel and disclaims any attempt to seek relief based
on ineffective assistance of trial counsel.  (See generally Pet'r Reply.)

2

criminal complaint against the Petitioner for lack of probable
cause means that his subsequent indictment by a grand jury based
on the same conduct but charging different crimes also should
have been dismissed for lack of probable cause; (3) insufficient
evidence supported his conviction because his fingerprints did
not appear on the firearms or body armor which he allegedly
possessed; and (4) one or more Speedy Trial Act violations.

The charges against the Petitioner stemmed from a search of
a home on Windrim Street in Philadelphia.  State authorities
issued a search warrant to Philadelphia police officers to search
the Windrim Street residence and arrest another individual; the
Petitioner's name did not appear on the search warrant.  When
they executed the search warrant, the officers discovered several
firearms and ammunition items, a bulletproof vest, and certain
items suggestive of narcotics distribution and trafficking.  The
Petitioner was the only person present in the residence, and the
officers also located several documents in the Petitioner's name
or the name of one of his aliases in the residence.  He also
subsequently admitted to living at the residence while being "on
the run."

The Government initially filed a criminal complaint on
October 30, 2006, charging the Petitioner with several crimes
related to narcotics distribution and trafficking.  Magistrate
Judge Caracappa dismissed the complaint for lack of probable

cause on November 15, 2006.  A grand jury subsequently indicted
the Petitioner, previously convicted of several felonies, with
unlawful possession of the firearms and body armor on December 5,
2006.  After several unopposed continuances requested by counsel
for both the Government and the Petitioner, trial commenced on
November 5, 2007.  The jury ultimately found the Petitioner
guilty on both counts charged in the indictment.

**II.  STANDARD**

Section 2255 of Title 28 of the United States Code provides
an avenue for individuals under federal custody to challenge
their sentences.  To succeed in such a challenge, the petitioner
must demonstrate that the "sentence was imposed in violation of
the Constitution or laws of the United States, or that the court
was without jurisdiction to impose such sentence, or that the
sentence was in excess of the maximum authorized by law, or is
otherwise subject to collateral attack."  28 U.S.C. § 2255(a).
The Petitioner's constitutional claims stem from an alleged Sixth
Amendment violation.  The Supreme Court of the United States has
long recognized that the right to counsel under the Sixth
Amendment and the Due Process Clauses is crucial to protecting
the fundamental constitutional guarantee of a fair trial.  See
Strickland v. Washington, 466 U.S. 668, 684-85 (1984).  In order
to establish that counsel's assistance was indeed ineffective, a
petitioner must meet both elements of the two-pronged test

established in Strickland.  First, a petitioner must establish
that counsel not only erred, but that counsel's errors were
considerable enough to undermine the proceedings to such an
extent that the outcome cannot be relied upon as fair and just.
Id. at 687.  Second, it must also be established that counsel's
actions prejudiced the defendant and deprived defendant of a fair
and reliable trial.  Id. at 687.  "Not every 'error by counsel,
even if professionally unreasonable, . . . warrant[s] setting
aside the judgment of a criminal proceeding.'"  Rainey v. Varner,
603 F.3d 189, 197 (3d Cir. 2010) (quoting Strickland, 466 U.S. at
691).  A petitioner must demonstrate that counsel's error was
prejudicial and that there is a reasonable probability that were
it not for the error the outcome of the proceeding would have
been different.  Id. at 197-98.

Specifically as to appellate counsel, "[c]ounsel cannot be
ineffective for failing to raise meritless claims."  United
States v. Aldea, 450 F. App'x 151, 152 (3d Cir. 2011) (citing
Sistrunk v. Vaughn, 96 F.3d 666, 670 (3d Cir. 1996)).  "[T]here
is no duty to raise every possible claim," and "as a general
matter, it is not inappropriate for counsel, after consultation
with the client, to override the wishes of the client when
exercising professional judgment" regarding any issue other than
the fundamental decisions of whether to plead guilty, whether to
testify, and whether to take an appeal.  Sistrunk, 96 F.3d at 670

(citing, <u>inter alia</u>, <u>Jones v. Barnes</u>, 463 U.S. 745, 751 (1983)).

Instead, ineffective assistance of appellate counsel requires

showing: (1) that "counsel unreasonably failed to discover

nonfrivolous issues and to . . . rais[e] them," and (2) "a

reasonable probability that, but for his counsel's unreasonable

failure . . ., [a petitioner] would have prevailed on his

appeal." <u>Smith v. Robbins</u>, 528 U.S. 259, 285 (2000).

## III.  DISCUSSION

The Petitioner asserts that his Sixth Amendment rights were

violated through several instances of deficient performance by

his appellate counsel.  None of the Petitioner's claims has

merit, so we deny him habeas corpus relief.  We discuss each of

the Petitioner's claims in turn.

<u>A.  Failure to Challenge Search Warrant</u>

The Petitioner alleges that his appellate counsel provided

constitutionally deficient assistance because he did not argue on

appeal that the search warrant for the Windrim Street residence

was defective because it did not name the Petitioner.  (Pet'r

Mot. at 4.)  This argument does not warrant habeas relief.

The Petitioner does not identify any basis upon which the

argument he faults his appellate counsel for not making might

have succeeded, nor can we discern one.  The search warrant

authorized the officers to search the home for "any and all

firearms, ammunition or ballistics evidence related to [the]

investigations and any and all other related evidence and/or

contraband." (Def.'s Mot. to Suppress Ex. A, at 1.) This

warrant clearly authorized the officers to search for and seize

the firearms which formed the basis for the charges against the

Petitioner. It also permitted the officers to detain the

Petitioner at the residence during the search. See Michigan v.

Summers, 452 U.S. 692, 705 (1981). And, given the Petitioner's

presence in the residence during the search, the documents in his

name and his alias at the residence, and the Petitioner's

subsequent admission that he had lived at the residence while he

was "on the run," probable cause supported his arrest for

possession of the firearms and body armor found during the

search. We see no reason why the presence or absence of the

Petitioner's name on the search warrant for the Windrim Street

residence affects any of these conclusions, and the Petitioner

has cited no authority to the contrary.[3]

Accordingly, the argument the Petitioner faults his

appellate counsel for not making stood no chance of altering the

---

[3] Of course, this Court did determine that the search warrant was not
founded on probable cause. Hicks, 460 F. App'x at 102. But this Court also
determined that the exclusionary rule did not warrant suppression of the
fruits of the search because the officers acted in good faith reliance on the
warrant. Id. at 102-103. The Petitioner challenged these conclusions on
direct review, but the Court of Appeals rejected his arguments and affirmed
this Court's conclusions. See id. Accordingly, the Petitioner may not
relitigate those conclusions here on collateral review. See United States v.
DeRewal, 10 F.3d 100, 105 n.4 (3d Cir. 1993). The Petitioner has offered no
argument that the conceded absence of probable cause in any way affects the
conclusion that his appellate counsel acted reasonably when he did not
challenge the search warrant based on its failure to name the Petitioner
specifically, and we conclude that no such argument would have any merit.

outcome of his appeal, and appellate counsel acted reasonably in not making it.  The Petitioner has therefore not established that his appellate counsel was ineffective pursuant to <u>Strickland</u>.

## B.  Failure to Challenge Indictment

The Petitioner claims that his appellate counsel was constitutionally ineffective because he failed to argue on appeal that this Court should have dismissed the Petitioner's indictment based on the dismissal of an earlier criminal complaint for lack of probable cause.  (Pet'r Mot. at 5-6.)  We deny relief on this basis.

The argument which the Petitioner faults his appellate counsel for not raising would not have succeeded.  "[A]n indictment valid on its face is not subject to challenge on the ground that the grand jury acted on the basis of inadequate or incompetent evidence."  <u>United States v. Calandra</u>, 414 U.S. 338, 345 (1974); <u>see also</u> <u>United States v. Chatman</u>, Crim. No. 3:10-30, 2011 WL 7037129, at *3 (W.D. Pa. Nov. 23, 2011) (collecting cases).  The fact that Magistrate Judge Caracappa concluded that an earlier criminal complaint, charging different crimes than those charged in the indictment, lacked probable cause is of no moment in light of the subsequent indictment.  <u>See</u> <u>Calandra</u>, 414 U.S. at 345.  Appellate counsel therefore acted reasonably in not raising this argument before the Court of Appeals, so habeas relief is not proper on this basis.

C.  Failure to Challenge Sufficiency of the Evidence

    The Petitioner argues that his appellate counsel
unreasonably and to his prejudice failed to argue that
insufficient evidence supported the Petitioner's convictions.
(Pet'r Mot. at 7.)  He principally argues that, because the
contraband which formed the basis of the unlawful possession
charges against him did not have his fingerprints on it,
insufficient evidence supported the possession convictions.  Id.
We reject the argument.

    Again, the argument which the Petitioner faults his
appellate counsel for not raising stood no chance of success.
Even without fingerprint evidence, sufficient evidence existed
for a jury to conclude that the Petitioner constructively
possessed the firearms and body armor.  See United States v.
Cunningham, 517 F.3d 175, 178 (3d Cir. 2008) (quoting United
States v. Iafelice, 978 F.2d 92, 96 (3d Cir. 1992))
("Constructive possession exists if an individual knowingly has
both the power and the intention at a given time to exercise
dominion or control over a thing, either directly or through
another person or persons.  Constructive possession necessarily
requires both dominion and control over an object and knowledge
of that object's existence.").  Because the evidence showed that
the Petitioner stayed at the Windrim Street residence while "on
the run," had documents in his name or his alias present at the

residence, and was present at the residence during the search when the officers discovered the firearms and body armor, sufficient circumstantial evidence existed for the jury to conclude that the Petitioner constructively possessed the firearms and body armor.  Accordingly, appellate counsel acted reasonably in not raising the argument that the lack of fingerprint evidence meant that insufficient evidence supported the convictions.  We deny habeas relief on this basis.

## D.  Failure to Assert a Speedy Trial Act Violation

Finally, the Petitioner argues that his appellate counsel unreasonably declined to argue that delays in bringing this matter to trial violated the Speedy Trial Act.  (Pet'r Mot. at 8-9.)  We reject the argument.

The Petitioner does not clearly identify the Speedy Trial Act argument which contends his counsel unreasonably and to his prejudice failed to make, but no Speedy Trial Act claim could stand on these facts.  The grand jury indicted the Petitioner on December 5, 2006, and trial commenced on November 5, 2007, a delay of 335 days, or eleven months.  The Petitioner first appeared before a judicial officer on January 11, 2007, 298 days, or almost ten months, before his trial commenced.

Requests for continuances from the Petitioner's trial counsel or the Government occasioned 258 days, or over eight months, of delay excluded from computation of the time required

10

for trial to commence pursuant to the Speedy Trial Act. See 18 U.S.C. § 3161(h)(7)(A); United States v. Hicks, No. 06-cr-684-1, ECF No. 25 (E.D. Pa. Jan. 24, 2007) (order finding ends of justice served by continuance on the Government's motion outweigh interests of the Petitioner and the public in a speedy trial); United States v. Hicks, No. 06-cr-684-1, ECF No. 40 (E.D. Pa. Mar. 30, 2007) (order finding ends of justice served by continuance on the Petitioner's motion outweigh interests of the Petitioner and the public in a speedy trial); United States v. Hicks, No. 06-cr-684-1, ECF No. 51 (E.D. Pa. June 12, 2007) (order finding ends of justice served by continuance on the Petitioner's motion outweigh interests of the Petitioner and the public in a speedy trial). The remaining delay of 40 days between the Petitioner's first appearance before a judicial officer and his trial date does not violate the Speedy Trial Act.[4] See 18 U.S.C. § 3161(c)(1).

---

[4] To the extent that the Petitioner argues that the Speedy Trial Act's seventy day time limit should begin to run on some date prior to the Petitioner's first appearance before a judicial officer, the argument has no merit. The Speedy Trial Act provides that trial shall "shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1) (emphasis added). Accordingly, the seventy day period did not begin on the date of the filing of the criminal complaint or the indictment, but rather on the later date when the Petitioner first appeared before a judicial officer. See id. To the extent that the Petitioner argues that his arrest for a state parole violation triggered his federal speedy trial rights, United States v. Battis, 589 F.3d 673 (3d Cir. 2009) forecloses the argument. Battis, 589 F.3d at 679 ("When an arrest on state charges is followed by a federal indictment, the right to a speedy trial in the federal case is triggered by the federal indictment, and the time period under consideration commences on that date.").

To the extent that the Petitioner asserts that he is entitled to relief because more than thirty days elapsed between the filing of the criminal complaint on October 30, 2006 and the filing of the indictment on December 5, 2006, see 18 U.S.C. § 3161(b), the argument fails. The time period between the filing of the initial complaint and its dismissal does not count against the requirement that the Government file an information or indictment within thirty days of an arrest or criminal complaint. See 18 U.S.C. § 3161(b), (d).[5] Moreover, where, as here, the subsequent indictment charges different crimes than those in the initial complaint, "the Speedy Trial Act requires the dismissal of only those charges that were made in the original complaint that triggered the thirty-day time period." United States v. Oliver, 238 F.3d 471, 473 (3d Cir. 2001); see also United States v. Watkins, 339 F.3d 167, 174-79 (3d Cir. 2003) (dismissal of earlier complaint with prejudice does not preclude subsequent indictment on a separate offense even if based on same underlying conduct). No Speedy Trial Act violation occurred based on the delay between the filing of the criminal complaint and the subsequent indictment.

---

[5] Although our Court of Appeals does not appear to have addressed this question, every other Court of Appeals to reach the issue has so concluded. See United States v. Smith, No. 04-cr-472, 2004 WL 2612393, at *2 n.2 (E.D. Pa. Nov. 16, 2004) (collecting cases).

Accordingly, appellate counsel acted reasonably in not raising any Speedy Trial Act arguments on appeal. We deny habeas relief on this basis.

## IV. EVIDENTIARY HEARING

"Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b). Based on the analysis above, we conclude that the motion, files, and records of this matter conclusively show that the Petitioner is not entitled to relief on any of his claims of ineffective assistance of counsel. Accordingly, we dispose of the petition without need for an evidentiary hearing.

## V. CERTIFICATE OF APPEALABILITY

Finally, the Court must determine whether a certificate of appealability should issue. See Third Circuit Local Appellate Rule 22.2. A certificate of appealability is appropriate only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). In this

case, we conclude that reasonable jurists could not find the resolution of Petitioners's <u>Strickland</u> claims debatable or wrong. Accordingly, the Court will not grant the Petitioner a certificate of appealability with respect to his ineffective assistance of counsel claims.

## VI. CONCLUSION

As discussed above, the Petitioner has no viable claim for ineffective assistance of counsel on any of the grounds raised. Therefore, the Petitioner's request for habeas relief is denied. An order follows.